Douglas F. Galanter (SBN 93740)
NORRIS & GALANTER LLP
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
dgalanter@norgallaw.com
Tel: (213) 996-8476
Fax: (213) 996-8475

Attorneys for Plaintiffs

FILED
2008 JUN -5 PM 3:45
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONALD G. NORRIS and
PATRICK M. SUTTON,

Plaintiffs,

vs.

ANDRE DREYFUSS,

Defendant.

Case no: CV08-03694 (FFMx)

COMPLAINT FOR

(1) FRAUD;

(2) VIOLATION OF RICO;

DEMAND FOR JURY TRIAL

## JURISDICTION

1. Jurisdiction in this case arises under 28 U.S.C. §1332(a)(1), in that plaintiffs Donald G. Norris and Patrick M. Sutton are citizens of and domiciled in the State of California and defendant Andre Dreyfuss (defendant or Dreyfuss) is a citizen of and domiciled in the State of Florida. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The court also has jurisdiction over the Second Claim for Relief under 28 U.S.C. §1331 and 18 U.S.C. §1964(c).

## VENUE

2. Venue is proper under 28 U.S.C. §1391(a)(1) and (b) and 18 U.S.C. §1965.

1

## FACTS

3. At least since 1828 the first 200 hundred meters of beachfront area in Costa Rica, known as the Maritime Zone, has been part of the public domain, the national patrimony. Construction has never been allowed on the first 50 meters of that Zone, which is the equivalent of public beach. In the early 1970's a Costa Rican law allowed persons to acquire title to land in the remaining 150 meters of the zone, known as the Restricted Zone, under what is roughly equivalent to adverse possession under American law, if they timely registered title to the property. But by no later than 1977 non-urban land in the Restricted Zone could only be built upon via special concessions granted by municipal governments, with use typically limited to a 20-year term, amounting to the equivalent of a lease.

4. In 1980 a Costa Rican purported to acquire and register title by adverse possession in the Costa Rican Public Registry to approximately 62 hectares of grazing land in the Restricted Zone located at Playa Hermosa in Puntarenas Province, Costa Rica. Because that registration had not been timely, in 1997 the Attorney General of Costa Rica initiated a court proceeding to declare title to that parcel null and void (the Costa Rica Action). The Costa Rica Action sought a judgment declaring the property to be in the public domain, nullifying any titles to any subdivision of the property, demolishing any structures on the property and evicting anyone in possession within 8 days of final judgment, and seeking monetary damages for occupation and use of the property. As a preliminary measure in the Costa Rica Action the court ordered the Public Property Registry to place an annotation on the title of the property and all lots subdivided from it, the equivalent of a lien, in order to deter fraudulent sales of the property.

5. In 2001 Dreyfuss purchased around 19.5 hectares of the above-referenced Playa Hermosa property through a Costa Rican corporation he

formed, with the intention to sell individual lots, houses and bungalows. At the time Dreyfuss purchased that parcel he was advised of the existence of the Costa Rica Action and the annotation in the Property Registry, and that the action could take at least 6-10 years to resolve. Dreyfuss was further advised and understood that due to the Costa Rica Action he could not sell individual lots, houses or bungalows unless purchasers agreed to buy "as is". After purchase Dreyfuss's company then became a party to the Costa Rica Action.

6. In February 2003 Dreyfuss subdivided the parcel he had acquired in 2001 and transferred the new subdivided parcels to yet other Costa Rican corporations he formed, including Mundo Polar, S.A. and Transportes Greco, S.A. Dreyfuss never obtained a concession on any of his Playa Hermosa properties. .

7. As part of a larger development project he called Hermosa Paradise, on the two subdivided parcels held by Mundo Polar, S.A. and Transportes Greco, S.A., Dreyfuss developed a project consisting of 28 bungalows on stilts. In or about April 2003 Dreyfuss caused each of the two parcels to be divided into 14 equal, undivided interests, rather than separate divided interests, and transferred many of these interests to yet other Costa Rican corporations he formed, including Villa Sal de Olivenza, S.A.

8. Beginning no later than May 2003 and continuing at least thorough the end of 2004, Dreyfuss then proceeded to direct marketing of the bungalows from an office in Ft. Lauderdale, Florida. Dreyfuss intentionally made and caused others under his direction and control to make false and misleading statements about the status of title to the bungalows and whether the land they sat on was individually subdivided, as more particularly alleged below. The marketing campaign was largely directed at United States residents in California and Florida, where many people surf. At all relevant times Dreyfuss controlled, directed and determined the substantive content of that marketing

3

campaign and the material statements and representations made concerning the bungalow properties, including those made by Todd Cutter, as described below. The principal means of marketing was an English language website, hermosaparadise.com.

9. By no later than August 2003 Dreyfuss repeatedly caused an advertisement to be placed on the front page of the Sunday Los Angeles Times section advertising real estate, which offered to sell titled bungalows and land in Costa Rica. The advertisement failed and omitted to disclose that the land was the subject of the Costa Rican Action (which sought nullification of title to the land, among other things), or that the bungalows were not located on individual subdivided parcels.

10. Plaintiff Norris saw the Los Angeles Times advertisement in or about the last week of November 2003. Plaintiff Norris then viewed the hermosaparadise.com website. The website announced to persons such as plaintiffs that they should "Own your Beach Home." In a section of the website entitled "Frequently Asked Questions", the representation was made in bold type that the bungalow price included the land. There it was further represented that the land "includes a 2 bedroom, 1 Bathroom Bungalow and the 5000 ft2 surrounding." The website failed and omitted to disclose anything about the Costa Rican Action, the lien on the property or that the bungalows did not sit on separate subdivided parcels.

11. On December 3-5, 2003 plaintiff Norris and Douglas Galanter traveled to Costa Rica and viewed the bungalow properties. Norris met with a sales agent named Todd Cutter, an American citizen, at the property. Cutter at this time stated the actual mechanism of the transaction would be the sale of 100% of the shares of a Costa Rican company. Plaintiff Norris and Mr. Galanter expressed interest in a particular bungalow in the second row on the south end of the property because it had expansive views of the beach and

waves. Cutter walked with them around that bungalow and physically marked off the land around the bungalow which Cutter falsely stated would be acquired with the bungalow. Cutter at this time and at all other times failed and omitted to disclose the Costa Rican Action, the lien on the property or that the bungalows did not sit on separate subdivided parcels.

12. Concerned about losing the beach view to the south, plaintiff Norris asked Cutter if the corner of the undeveloped, vacant land parcel to the south would be built upon. Cutter falsely represented that the specific portion of that parcel in question would not be built upon.

13. After returning to California plaintiff Norris researched ownership of Costa Rica real estate on the internet and learned that most property in the Maritime Zone could only be acquired and used pursuant to a concession arrangement. On December 11, 2003 Norris sent an email to Todd Cutter asking if the property was in the maritime zone and whether land title would be acquired as opposed to use for a specified period of time. Cutter telephoned Norris on December 12, 2003 and assured Norris that the property was fully titled and not concession property.

14. On or about December 8, 2003 Todd Cutter sent an email to plaintiff Norris in Los Angeles attaching a "Purchase and Sale Agreement," pursuant to which the "seller" Mundo Polar, S.A, described as "owner" of real estate, would transfer 100% of the shares of Villa Sal de Olivenza, S.A. and thereby "guarantee ownership for full enjoyment" of the bungalow Norris had expressed interest in buying to Todd Cutter. On or about December 15, 2003, in justifiable reliance on the statements and representations directed by Dreyfuss and those he controlled and directed, including Todd Cutter, plaintiffs Norris and Sutton and Mr. Galanter each executed in Los Angeles, California the Purchase and Sale Agreement in order to each purchase one third of the shares of Villa Sal de Olivenza, S.A., and collectively wired from their banks in

5

1  southern California a $30,000 deposit to a bank account in Ft. Lauderdale, Florida designated by Dreyfuss. Absent such statements and representations plaintiffs Norris and Sutton and Mr. Galanter would not have signed the Purchase and Sale Agreement or wired those funds.

15. On January 8-11, 2004 plaintiffs Norris and Sutton and their respective spouse and significant other visited Costa Rica so that Sutton and his wife could view the property and bungalow. On or about January 8, 2004 they met with Todd Cutter. Cutter again confirmed that the property being acquired was being held in fee title and yet again walked around the bungalow to show the dimensions of the land actually being acquired.

16. In December 2003 the hermosaparadise.com website falsely represented that prospective bungalow purchasers would be provided with the names of 8 independent, reputable Costa Rica real estate attorneys to represent and assist buyers. Instead, on or about January 10, 2004, when plaintiff Norris asked Todd Cutter for the names of the attorneys, Cutter provided Norris with the name of only one attorney, Lydia Ardon. Cutter stated that Ardon would independently represent plaintiffs Norris and Sutton and Mr. Galanter. This statement was false in that Ardon secretly and corruptly worked on behalf of Dreyfuss and his interests, as Dreyfuss well knew.

17. After his return to Los Angeles plaintiff Norris then researched Lydia Ardon and her law office on the internet. He learned that Ardon and her Costa Rica office were associated with an apparently reputable Florida law firm, Salem Saxon, P.A. Plaintiff Norris contacted Ardon on January 12, 2004. Ardon said she had handled closing for other bungalow purchasers. Norris then engaged her as plaintiffs' and Mr. Galanter's attorney. On January 12, 2004 Norris asked Ardon to check title to the property to see if the property being acquired was titled and whether it was free and clear of defects, liens or encumbrances. In response Ardon knowingly and falsely assured Norris that

6

the property being acquired was titled and was free and clear of any defects, liens or encumbrances. Ardon failed to disclose to Norris the existence of the Costa Rica Action and the lien on the property arising from it with the intent to hide those matters from Norris.

18. In justifiable reliance on the aforementioned representations and statements of persons controlled and directed by Dreyfuss, including Todd Cutter and Lydia Ardon, on or about January 16, 2004 plaintiffs Norris and Sutton and Mr. Galanter collectively wired from their banks in Southern California the balance of the purchase price to a bank account in Ft. Lauderdale designated by Dreyfuss.

19. In 2007 Mr. Galanter transferred his shares in Villa Sal de Olivenza, S.A. to plaintiff Sutton, along with all rights arising out of those shares and their acquisition.

## FIRST CLAIM FOR RELIEF

### For Damages for Fraud

20. Plaintiffs allege and incorporate by reference in full all of the preceding paragraphs.

21. As alleged above, Dreyfuss made or caused others under his direction or control to make false representations and to conceal or fail to disclose material facts.

22. Dreyfuss made or caused said misrepresentations to be made to plaintiffs in order to induce them to rely on the misrepresentations, in order to defraud plaintiffs.

23. Plaintiffs justifiably relied on said misrepresentations.

24. As a direct result of said fraud plaintiffs have been damaged.

25. Plaintiffs are informed and believe that Dreyfuss's conduct was undertaken with the intent to injure plaintiffs, or with a willful and conscious disregard of plaintiffs' rights, and constitutes clear and convincing evidence of

oppression, fraud and malice under California Civil Code section 3294. As a result, plaintiffs are entitled to an award of punitive damages against Dreyfuss in an amount sufficient to deter him for future misconduct.

## SECOND CLAIM FOR RELIEF

### Violation of RICO, 18 U.S.C. § 1962(c)

26. Plaintiffs allege and incorporate by reference in full all of the preceding paragraphs.

27. Dreyfuss has repeatedly and systematically engaged in a pattern of racketeering activity through his violations of 18 U.S.C. section 1341, which prohibits mail fraud, and section 1343, which prohibits wire fraud. Dreyfuss and others acting under his direction and control repeatedly and systematically communicated with plaintiffs and other similar victims via the mails, the telephone and the internet for the purpose of effectuating Dreyfuss's fraudulent scheme with respect to sale of the 28 bungalows at Hermosa Paradise. Each communication via mail or wire constitutes a separate offense under 18 U.S.C. section 1341 or 1343, respectively.

28. The persons and entities through which Dreyfuss conducted his fraudulent scheme constituted an "enterprise" as defined in 18 U.S.C. section 1961(4) and Dreyfuss was associated with or employed by that enterprise.

29. Dreyfuss conducted the affairs of the enterprise through a "pattern of racketeering" as defined in 18 U.S.C. section 1961(5). As alleged above, Dreyfuss engaged in at least two acts of racketeering activity within the last 10 years. Those acts had the same or similar purposes, results, participants, victims, or methods of commission. Such acts constituted a regular way of doing business of the enterprise.

30. Dreyfuss and the enterprise were and are both involved in interstate commerce.

31. Accordingly, Dreyfuss has violated 18 U.S.C. section 1962(c), which makes it unlawful for any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

32. As a direct and proximate result of this violation of RICO plaintiffs have been injured in their business or property. Dreyfuss is liable to plaintiffs for three times the damages that plaintiffs have suffered as a result of Dreyfuss's fraudulent actions.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs seek judgment against defendant as follows:

On the First Claim for Relief

1. For damages according to proof;

On the Second Claim for Relief

2. For damages according to proof, trebled;
3. For an award of reasonable attorneys' fees;

On All Claims for Relief

4. For costs of suit; and
5. For such other and further relief as the Court deems proper.

Dated: June 3, 2008

NORRIS & GALANTER LLP

By _____
Douglas A. Galanter
Attorneys for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all claims.

Dated: June 3, 2008

NORRIS & GALANTER LLP

By _____
Douglas F. Galanter
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV08- 3694 GAF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Douglas F. Galanter (SBN 93740)
NORRIS & GALANTER LLP
555 W. 5th Street, 31st Floor
Los Angeles, CA 90013
(213) 996-8476
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD G. NORRIS and PATRICK M. SUTTON,<br><br>PLAINTIFF(S)<br>v.<br>ANDRE DREYFUSS,<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-03694 GAF (FFMx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): Andre Dreyfuss

   A lawsuit has been filed against you.

   Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Douglas F. Galanter_____, whose address is _555 W. 5th Street, 31st Floor, Los Angeles, CA 90013_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN - 5 2008__       By: _Natalie Longoria_
                                   Deputy Clerk

                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

DONALD G. NORRIS and PATRICK M. SUTTON

**DEFENDANTS**

ANDRE DREYFUSS

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

NORRIS & GALANTER LLP
555 W. 5th Street, 31st floor
Los Angeles, CA 90013    (213) 996-8465

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. section 1962(c). Pattern of recketeering activity by means of wire fraud in connection with marketing of real property investments.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☒ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

CV08-03694

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Donald G. Norris<br>Patrick M. Sutton | Los Angeles County<br>Los Angeles County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Andre Dreyfuss, Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/_  Date 6/03/08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |